## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IRVING BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:21-cv-00903-AGF |
| STEVE PFISTER, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Irving Berry's civil rights complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. On July 22, 2021, he filed a civil rights action under 42 U.S.C. § 1983. (Docket No. 1). He did not, however, either pay the filing fee or submit a motion for leave to proceed in forma pauperis.

On July 23, 2021, the Court ordered plaintiff to either pay the filing fee or submit a motion for leave to proceed in forma pauperis within twenty-one days. (Docket No. 3). In the order, the Court noted that plaintiff was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g), having filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. This meant that plaintiff could not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed the complaint.

On August 2, 2021, the Court received a letter from plaintiff stating that he had sent a $400 check to pay for his civil rights complaint. (Docket No. 4). The Clerk of Court returned plaintiff's check, because the filing fee was $402, and he was required to pay the full amount. (Docket No. 5). In a letter received on August 9, 2021, plaintiff advised that the full $402 was "on the way." (Docket No. 6).

On August 12, 2021, plaintiff submitted a motion seeking an extension of time in which to pay the entire $402 filing fee. (Docket No. 7). The Court granted the motion on August 13, 2021, giving him an additional twenty-one days to pay the fee or file a motion for leave to proceed in forma pauperis. (Docket No. 8). That same day, the Court received supplemental documentation regarding plaintiff's motion for an extension of time, which the Court had already granted. (Docket No. 9). The Court also received plaintiff's payment in the amount of $402.

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming the Missouri Sex Offender Program (MOSOP), Steve Pfister, and Mike White as defendants. (Docket No. 1-1 at 2). Defendants Pfister and White are sued in both their official and individual capacities. The complaint concerns plaintiff's belief that he is entitled to release on parole without completing MOSOP.

In his "Statement of Claim," plaintiff asserts that on August 6, 2020, the Board of Probation and parole granted him a parole date. (Docket No. 1-1 at 3). Plaintiff notes that this is "not a conditional release date but a parole date because [he has] a life sentence and pursuant to Missouri State laws in effect at the time of [his] conviction and sentence in the year 1979…conditional release did not apply to offenders with life sentences." As a result, plaintiff contends that he does not have to attend MOSOP, and has attached a letter from his institutional parole officer telling

2

him as much. (Docket No. 1-1 at 3; Docket No. 1-2 at 1). Nevertheless, he was transferred to the Farmington Correction Center, where MOSOP is located. (Docket No. 1-1 at 3).

Plaintiff refers to two letters to support his argument that he does not have to attend MOSOP due to his having been convicted in 1979. (Docket No. 1-1 at 4). The first letter, from the Chairman of the Missouri Parole Board, informs plaintiff that placement into MOSOP is not an issue related to the Parole Board. (Docket No. 1-2 at 2). The second letter, from Scott O'Kelley, Assistant Division Director of Mental Health and Substance Use and Recovery Services, states only that neither Kelley's "office nor MOSOP stipulate program enrollment or completion requirements." (Docket No. 1-2 at 3). The letter further directs plaintiff to speak with his institutional parole officer about any perceived errors.

Plaintiff next references a MOSOP Phase I form, which states that "successful completion of MOSOP Phase I and Phase II is mandatory as it relates to release on parole for inmates imprisoned for sexual assault offenses who committed their offenses after August 13, 1980." (Docket No. 1-1 at 4-5; Docket No. 1-2 at 4). He insists that based on the letters referenced above, as well as the Phase I form, "offenders like him" do not "have to attend/complete the MOSOP program if their conviction or sentence happened before August 13, 1980." (Docket No. 1-1 at 5).

Despite the information plaintiff apparently received, when he arrived at the Farmington Correctional Center, he was advised that he would have to "take MOSOP regardless." Plaintiff attempted to file an informal resolution request (IRR), but was dissatisfied with the results and decided to file a civil rights complaint. After submitting the IRR, plaintiff received a "memorandum" from defendant Pfister, in which Pfister "unconstitutionally told [him]" that "MOSOP doesn't treat anyone that either P&P or the Parole Board don't direct to us." (Docket No. 1-1 at 5; Docket No. 1-2 at 7). Plaintiff has attached defendant Pfister's "memorandum," which

also advises plaintiff that his questions were better directed to either Probation and Parole or the Board of Parole. (Docket No. 1-2 at 7). Additionally, defendant Pfister writes that contrary to plaintiff's contention, RSMo 589.040 has been amended so that it includes "all sex offenders regardless of when they were convicted." In any event, defendant Pfister notes that he is "not the one who makes these determinations."

Plaintiff alleges that defendant Pfister's "statement…is unlawfully founded and unconstitutionally executed." (Docket No. 1-1 at 6). He further accuses defendant Pfister of directing defendant White to give plaintiff a schedule as to "how and when" he would "start MOSOP." Plaintiff states that defendants Pfister and White had a "meeting of their minds" to "disregard the very law they misinterpret to enforce their unconstitutional will upon" him.

According to plaintiff, his exhibits clearly show "that the Board of Probation and Parole came to the lawful conclusion" that he did not have to complete MOSOP. (Docket No. 1-1 at 7). He alleges that defendants "disregarded the lawful process" and "were not functioning under the code of state regulations and state laws that govern offenders such as" himself. Plaintiff states that an evidentiary hearing is necessary to determine "who is responsible for MOSOP functions."

With regard to relief, plaintiff seeks a declaratory judgment "to bring forth how MOSOP is being [run]," as well as an injunction "blocking" him "from attending MOSOP." (Docket No. 1-1 at 8). He also seeks damages in the amount of $100,000.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent

4

for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). Here, plaintiff is a convicted state prisoner who is suing State of Missouri employees, as well as a state sex offender program. Therefore, his complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v.*

5

*Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants have wrongly indicated that he must complete MOSOP before being eligible for release on parole. Because he is a state prisoner, the Court reviewed his complaint under 28 U.S.C. § 1915A. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is subject to dismissal. However, he will be given the opportunity to file an amended complaint.

**A. Deficiencies in Complaint**

Plaintiff's complaint is deficient and subject to dismissal for four reasons. First, plaintiff's claim against MOSOP is barred. MOSOP is a program run by the Missouri Department of Corrections, which itself is a department of the State of Missouri. However, "neither a State nor its officials acting in their official capacity are 'persons' under [42 U.S.C.] § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, "[t]he Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Sovereign immunity bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*,

6

495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

Second, with regard to the official capacity claims against defendants Pfister and White, such claims are treated as being made against the State of Missouri itself, their employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself"). Defendants Pfister and White are alleged to be employed by the State of Missouri. To the extent that plaintiff is seeking monetary damages, however, the state is not a 42 U.S.C. § 1983 "person." *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

To the extent that plaintiff is seeking prospective injunctive relief, he has not adequately alleged that he has been injured due to a State of Missouri policy, custom, or failure to train. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff vaguely refers to a "policy," but has provided no facts explaining why any so-called policy is unconstitutional. His legal conclusions on the matter are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Third, as to the individual capacity claims against defendants Pfister and White, plaintiff must show a "causal connection between" an "action on the part of defendants and" a deprivation of plaintiff's rights. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993). That causal connection is missing here. As best the Court can tell, plaintiff's allegations against defendants Pfister and White amount to nothing more than the fact that Pfister and White provided information to plaintiff in response to his questions. There is no indication that defendants Pfister and White made the rules that plaintiff objects to, or that they gave him misinformation. Furthermore, there is no support for the proposition that defendants Pfister and White were the ones that transferred plaintiff to Farmington Correctional Center, or made the decision to require him to attend MOSOP. To the contrary, defendant Pfister's "memorandum" disclaims responsibility for making those "determinations." Indeed, the actual roles of defendants Pfister and White are unclear, as is the limits of their authority to make decisions regarding plaintiff's release on parole.

Finally, it is not apparent that a liberty interest is at stake. Under 42 U.S.C. § 1983, plaintiff must demonstrate a violation of his constitutional rights. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) (To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States"). However, the Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

A state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). With regard to Missouri, however, the United States Court of Appeals for the Eighth Circuit has held that Missouri's statutes do not create a liberty interest. *Id*. (explaining that "[t]his court has consistently

held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"). *See also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions").

For all these reasons, plaintiff's complaint is subject to dismissal. Because he is a self-represented litigant, the Court will give him the opportunity to file an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). He should avoid making legal arguments or providing case citations.

9

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As discussed above, plaintiff's complaint is subject to dismissal under 28

U.S.C. § 1915A, and plaintiff is being ordered to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses.

### D. Motion for Evidentiary Hearing

Plaintiff has also filed a motion for an evidentiary hearing. (Docket No. 10). The motion will be denied at this time as plaintiff is being ordered to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for an evidentiary hearing (Docket No. 10) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A.

Dated this 28th day of January, 2022.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE