**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRVING BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00903 AGF |
| | ) | |
| STEVE PFISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court will dismiss this action.

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. On July 22, 2021, he filed a civil rights action under 42 U.S.C. § 1983. Plaintiff paid the $402 filing fee in this matter on August 13, 2021.[1]

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. He named the Missouri Sex Offender Program (MOSOP), Steve Pfister, and Mike White as defendants. Plaintiff asserted that he was entitled to release on parole without completing MOSOP.

Plaintiff claimed that on August 6, 2020, the Board of Probation and parole granted him a parole date. He asserted that this was "not a conditional release date but a parole date because [he has] a life sentence and pursuant to Missouri State laws in effect at the time of [his] conviction and

---

[1]On July 23, 2021, the Court ordered plaintiff to either pay the filing fee or submit a motion for leave to proceed in forma pauperis within twenty-one days. In the order, the Court noted that plaintiff was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g), having filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. This meant that plaintiff could not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed the complaint.

sentence in the year 1979…conditional release did not apply to offenders with life sentences." As a result, plaintiff contended that he did not have to attend MOSOP. In support of his contention, plaintiff attached a letter from his institutional parole officer telling him as much. Despite his contention, he was transferred to the Farmington Correction Center, where MOSOP is located after the culmination of his institutional sentence.

In support of his argument that he should not have had to attend MOSOP, plaintiff attached two additional documents to his complaint. The first was a letter from the Chairman of the Missouri Parole Board that informed plaintiff that placement into MOSOP was not an issue related to the Parole Board. The second was a letter, from Scott O'Kelley, Assistant Division Director of Mental Health and Substance Use and Recovery Services, that stated only that neither Kelley's "office nor MOSOP stipulate program enrollment or completion requirements." The letter directed plaintiff to speak with his institutional parole officer about any perceived errors.

In his complaint, plaintiff referenced a MOSOP Phase I form, which stated that "successful completion of MOSOP Phase I and Phase II is mandatory as it relates to release on parole for inmates imprisoned for sexual assault offenses who committed their offenses after August 13, 1980." Thus, in support of his argument, plaintiff insisted that based on the Phase I form, "offenders like him" do not "have to attend/complete the MOSOP program if their conviction or sentence happened before August 13, 1980."

Despite the aforementioned, when plaintiff arrived at the Farmington Correctional Center, he was advised that he would have to "take MOSOP regardless." Plaintiff attempted to file an informal resolution request (IRR), but was dissatisfied with the results and  decided to file a civil rights complaint. After submitting the IRR, plaintiff received a "memorandum" from defendant Pfister, in which Pfister "unconstitutionally told [him]" that "MOSOP doesn't treat anyone that

either P&P or the Parole Board don't direct to us." Plaintiff attached defendant Pfister's "memorandum" to his complaint, which additionally advised plaintiff that his questions were better directed to either Probation and Parole or the Board of Parole. Defendant Pfister significantly informed plaintiff that contrary to plaintiff's contentions, RSMo 589.040 has been amended so that it includes "all sex offenders regardless of when they were convicted." In any event, defendant Pfister noted that he was "not the one who makes these determinations."

Plaintiff's complaint alleged that defendant Pfister's "statement…[was] unlawfully founded and unconstitutionally executed." He further accused defendant Pfister of directing defendant White to give plaintiff a schedule as to "how and when" he would "start MOSOP." Plaintiff claimed that defendants Pfister and White had a "meeting of their minds" to "disregard the very law they misinterpret[ed] [in order] to enforce their unconstitutional will upon" him.

According to plaintiff, his exhibits clearly showed "that the Board of Probation and Parole came to the lawful conclusion" that he did not have to complete MOSOP. He asserted that defendants "disregarded the lawful process" and "were not functioning under the code of state regulations and state laws that govern offenders such as" himself. Plaintiff states that an evidentiary hearing is necessary to determine "who is responsible for MOSOP functions."

With regard to relief, plaintiff sought a declaratory judgment "to bring forth how MOSOP is being [run]," as well as an injunction "blocking" him "from attending MOSOP." (Docket No. 1-1 at 8). He also sought damages in the amount of $100,000.

The Court reviewed plaintiff's complaint on January 28, 2022, for frivolousness, maliciousness and for failure to state a claim pursuant to 28 U.S.C. § 1915A. The Court found that the complaint was subject to dismissal for four reasons. First, plaintiff's claim against MOSOP was barred, as MOSOP is a program run by the Missouri Department of Corrections, which itself

is a department of the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under [42 U.S.C.] § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, "[t]he Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Sovereign immunity bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

Second, with regard to the official capacity claims against defendants Pfister and White, such claims are treated as being made against the State of Missouri itself, their employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself"). Defendants Pfister and White are alleged to be employed by the State of Missouri. To the extent that plaintiff was seeking monetary damages, however, the state is not a 42 U.S.C. § 1983 "person." *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

To the extent that plaintiff was seeking prospective injunctive relief, he had not adequately alleged that he had been injured due to a State of Missouri policy, custom, or failure to train. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff referred to a "policy," but had provided no facts explaining why

any so-called policy was unconstitutional. His legal conclusions on the matter were not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Third, as to the individual capacity claims against defendants Pfister and White, plaintiff failed to show a "causal connection between" an "action on the part of defendants and" a deprivation of plaintiff's rights. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993). That causal connection was missing here.

Finally, it was not apparent that a liberty interest was at stake. Under 42 U.S.C. § 1983, plaintiff had to demonstrate a violation of his constitutional rights. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) (To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States"). However, the Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

A state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). With regard to Missouri, however, the United States Court of Appeals for the Eighth Circuit has held that Missouri's statutes do not create a liberty interest. *Id*. (explaining that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"). *See also Adams v. Agniel*, 405 U.S. 643,

645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions").

Despite the foregoing, plaintiff was provided with thirty (30) days to amend his pleading to correct the deficiencies in his complaint. Plaintiff filed an amended complaint on February 14, 2022.

## The Amended Complaint

Plaintiff filed his amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names the following individuals as defendants in this action: Steve Pfister and Mike White. Defendants are sued in their individual capacities only.

Plaintiff asserts that the "law of the state (Mo) is not being lawfully applied." He asserts that he is "accusing defendants of falsifying the record and law, Section 589.040 RSMO, August 13, 1980, by expressing the statute had been amended, which they did to force plaintiff to attend MOSOP unlawfully."

Plaintiff asserts that he was granted parole for two reasons: because he turned 70 and because the Board of Probation and Parole felt he was ready to be a "law abiding citizen." He claims that his "mental health score" was the best an offender could obtain, and the Board recognized this and granted him parole without any stipulation expressing he had to take MOSOP.

Plaintiff requests reimbursement of his stimulus funds, as well as an injunction against MOSOP officials to stop using the wrong law to place offenders in MOSOP. Plaintiff also seeks further compensatory damages and injunctive relief.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." 28 U.S.C. § 1915(A)(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). Here, plaintiff is a convicted state prisoner who is suing State of Missouri employees, as well as a state sex offender program. Therefore, his complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal

framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Discussion

Plaintiff argues that because he was criminally sentenced in Missouri in 1979, he should have been given a parole date, rather than a conditional release date by the Missouri Department of Corrections. He asserts that at the time he was sentenced in 1979, conditional release did not apply to offenders with life sentences. He argues that if he is required to do MOSOP and sentenced to conditional release, application of the conditional release statute, as well as the amended MOSOP statute, are being applied to him in an ex post facto manner. For the reasons discussed below, plaintiff's amended complaint is subject to dismissal.

Plaintiff's first assertion is that application of the conditional release statute, as well as the amended MOSOP statute, are being applied to him in an ex post facto manner.[2] Before addressing this contention, the Court will address the fact that plaintiff has named defendants Pfister and White as the sole defendants in this action. He named defendants in their individual capacities only in his amended complaint.

---

[2] The federal and Missouri constitutions prohibit ex post facto laws. U.S. Const. art. 1, sec. 10, cl. 1; Mo. Const. art I, sec. 13. *See State v. Honeycutt*, 421 S.W.3d 410 (Mo. banc 2013) for a scholarly discussion of the ex post facto clause and of the constitutionally significant distinction between ex post facto laws and retrospective laws.

As noted in the Court's prior Memorandum and Order, issued on January 28, 2022, plaintiff must show a "causal connection between" an "action on the part of defendants and" a deprivation of plaintiff's rights. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993). That causal connection is missing here. As best the Court can tell, plaintiff's allegations against defendants Pfister and White amount to nothing more than the fact that Pfister and White provided information to plaintiff in response to his questions seeking answers as to why he was being asked to complete MOSOP rather than being immediately released on parole. There is no indication that defendants Pfister and White made the rules that plaintiff objects to. Furthermore, there is no support for the proposition that defendants Pfister and White were the ones that transferred plaintiff to Farmington Correctional Center or made the decision to require him to attend MOSOP. To the contrary, defendant Pfister's "memorandum" disclaims responsibility for making those "determinations." Indeed, the actual roles of defendants Pfister and White are unclear, as is the limit of their authority to make decisions regarding plaintiff's release on parole. Therefore, defendants cannot be held liable in this action, and plaintiff's case against defendants is subject to dismissal.

Nonetheless, the Court will address plaintiff's contentions that the conditional release statute and the amended MOSOP statute are being applied to him in an ex post facto manner.

Ex post facto laws are laws which are retrospective because they "apply to events occurring before [their] enactment" and which disadvantage an offender "by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441, (1997). Consistent with this principle, the Missouri Supreme Court held in *Rentschler v. Nixon*, 311 S.W.3d 783, 785 (Mo. banc 2010), that "ex post facto laws only affect criminal matters—in this case, the sentence that [the inmates] received." 311 S.W.3d at 788.

Section 558.011.4(1) provides that "[a] sentence of imprisonment for a term of years for felonies ... shall consist of a prison term and a conditional release term." In other words, a "prison term" and a "conditional release term" are the potential means by which an imposed sentence can be served. *Rentschler* explained that "[a]ny modification of the conditional term cannot affect the sentence term originally imposed." 311 S.W.3d at 788. "Section 558.011 specifically bifurcates a conviction into 'a sentence term' (which would be germane to an ex post facto consideration) and 'a conditional release term' (which is not germane)." *Id.* Because a statutory amendment which alters eligibility for conditional release does not change an inmate's imposed sentence, the ex post facto clause is not implicated. *Id*. In other words, because neither the MOSOP statute (nor the conditional release statute) change plaintiff's sentence of imprisonment, these statutes, as applied to plaintiff do not implicate either the federal or state ex post facto clauses.

Missouri Revised Statute § 589.040.15 provides, in pertinent part:

> The director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.

> All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section prior to being eligible for parole or conditional release.

"The [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The Board's consideration of granting conditional release to any of the inmates [is] a mere possibility, nothing more. It is insufficient to support a claim for the creation of a disability." *Rentschler*, 311 S.W.3d 783 at 788–89. As set forth above, the conditional release term, or date, is not part of plaintiff's actual term of imprisonment. *See* Missouri Rev. Stat. §558.011.

Plaintiff appears to be aware that to reach his conditional release term, he must satisfactorily complete MOSOP. Since July 1996, the Missouri Department of Correction's written guidelines addressing conditional release and parole have provided that the failure to satisfactorily complete MOSOP may result in the Director's filing of a petition to extend a conditional release date pursuant to section Mo.Rev.Stat. § 558.011.5. Though the written guidelines were called "rules and regulations" by the DOC prior to 2009, and are now called "procedures," the label ascribed to the guidelines is irrelevant. "DOC is charged with ... assigning [inmates] to appropriate activities and treatment. Inmates are required to participate in the activities and rehabilitative programs prescribed by DOC." *Depauw v. Luebbers*, 285 S.W.3d 805, 807 (Mo.Ct.App. 2009) (citing Mo.Rev.Stat. § 217.337).

Plaintiff is correct that there was an amendment to Missouri Revised Statute § 589.040 in 2011. The statute plaintiff refers to titled "Duties of Department of Corrections--Certain Inmates to Participate in Programs," was not originally passed by the Missouri Legislature until 1980. It was amended in 1990 and again in 2011. The 2011 amendment provided the language in subsection 2 requiring successful completion of programs developed pursuant to subsection 1 "prior to being eligible for parole or conditional release." Mo.Rev.Stat. § 589.040 (2011). However, the date of amendment is irrelevant. Because a conviction is made up of both a conditional release term and a sentence term, plaintiff's ex post facto argument is not viable.

The Missouri General Assembly not only mandated that the Missouri Department of Corrections develop rehabilitative programs, but also required that inmates participate in those programs as directed. Missouri courts have held in several cases that a failure to satisfactorily complete or participate in a rehabilitative program established by the Missouri Department of Corrections constitutes the violation of a MDOC "rule or regulation" as anticipated by Missouri

Revised Statute § 558.011.5. *See, e.g., Mitchell v. Nixon*, 351 S.W.3d 676, 680 (Mo.Ct.App. 2011) ("Pursuant to section 558.011.5, the [Board] has the statutory authority to extend [an inmate's] conditional release date for failing to complete the sex offender program...."); *Spencer v. State of Missouri*, 334 S.W.3d 559, 569 (2010) n.8 (holding that because "[s]exual offenders are required to complete MOSOP by statute and DOC policy," the Board is "statutorily authorized to extend [a] conditional release date based on [an inmate's] failure to complete the [MOSOP]"). Plaintiff's ex post facto claims are therefore subject to dismissal.

        In addition to raising an ex post facto argument, plaintiff also appears to assert a due process argument with respect to defendants' failure to release him on parole. However, "[t]here is no constitutional or inherent right to early release from prison." *Rentschler*, 311 S.W.3d at 786. Furthermore, "[a] prisoner does not have a protectable expectation of parole by virtue of the mere existence of a parole system." *Miller v. Missouri Dept. of Corrections*, 436 S.W.3d 692, 699 (Mo. Ct. App. 2014). While "a state's parole statute may create a protected liberty interest in parole," the Missouri statutory scheme governing parole creates no right, cognizable liberty interest, or protectable expectation as relevant to plaintiff's claim. *See Winfrey v. Missouri Board of Probation and Parole*, 521 S.W.3d 236, 240-41 (Mo. Ct. App. 2017).[3] To that end, plaintiff cannot have a due process interest in parole. *Id.*

        "The [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The Board's consideration of granting conditional

---

[3]Missouri Revised Statute § 217.690 gives the Missouri Board of Probation and Parole almost unlimited discretion in whether to grant parole. *Winfrey v. Missouri Board of Probation and Parole*, 521 S.W.3d 236 at 240-41. The statute creates no protected liberty interest in parole for due process purposes because the statute uses discretionary language, the board may in its discretion release an inmate at any time or grant an inmate parole. *See also Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Similarly, the regulations promulgated under the authority of section 217.690 do not create an interest in parole. *Winfrey v. Missouri Board of Probation and Parole*, 521 S.W.3d 236 at 240-41.

release to any of the inmates [is] a mere possibility, nothing more. It is insufficient to support a claim for the creation of a disability." *Rentschler v. Nixon*, 311 S.W.3d 783, 788–89 (Mo. banc 2010) (emphasis in original). Therefore, to the extent plaintiff is asserting a due process argument relating to a denial of time credit release, his assertions fail to state a constitutional violation.

Based on the foregoing reasons, plaintiff's amended complaint is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of February, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE