# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRVING BERRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-00903 AGF |
| STEVE PFISTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is "Plaintiff's Motion for Reconsideration (& Written Objections) as well as Motion for Evidentiary Hearing." The Court will deny plaintiff's motion in its entirety.

In his motion, plaintiff renews his argument from his complaint that he is entitled to release on parole without completing the Missouri Sex Offender Treatment Program (MOSOP) because his conviction and sentence occurred in 1979, prior to an alleged amendment to the law in 1990 requiring sex offenders to attend treatment.

The Court addressed plaintiff's contentions, at length, in the Memorandum and Order issued on February 23, 2022. Further, no hearing is necessary in this matter, as the Missouri conditional release statute, as well as the MOSOP statute and its amendments, were detailed in the Court's Order, and their effect on plaintiff was discussed.

After reviewing the grounds raised by plaintiff in his motion for reconsideration of the dismissal, the Court will decline to alter or amend the judgment of this Court. The Court concludes that plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  Instead, the

motion can be said to merely revisit old arguments.[1] Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of his complaint [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for evidentiary hearing [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 11th day of March, 2022.

                                         _/s/ Audrey G. Fleissig_
                                         AUDREY G. FLEISSIG
                                         UNITED STATES DISTRICT JUDGE

---

[1] "[Federal Rule of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.,* 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999).