UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRVING BERRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-00903 AGF |
| STEVE PFISTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff seeks reconsideration of the dismissal of his complaint based on "newly discovered evidence." After reviewing the docket in this matter, the Court will deny plaintiff's motion for reconsideration.

The Court take judicial notice that plaintiff filed a notice of appeal in this action on April 12, 2022. "The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).  But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal.  *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted).  A district court retains jurisdiction to **deny** a motion for relief from a judgment or order brought under Rule 60(b),[1] because a denial is in furtherance of the appeal.  However, a district

---

[1] Federal Rule of Civil Procedure 60(b) states:
   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1)  mistake, inadvertence, surprise, or excusable neglect;

court lacks the ability to **grant** a Rule 60(b) motion. *Id.* at 1180; *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has explicitly instructed that a district court should consider the motion and assess its merits. *Hunter*, 362 F.3d at 475.

After reviewing the grounds raised by plaintiff in his motion for reconsideration, the Court will decline to alter or amend the judgment of this Court. Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, the motion merely revisits the same arguments made in plaintiff's complaint regarding his belief that he is entitled to release on parole without completing the Missouri Sex Offender Treatment Program (MOSOP) because his conviction and sentence occurred in 1979, prior to an alleged amendment to the law in 1990 requiring sex offenders to attend treatment. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of his complaint [ECF No. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filings from plaintiff unless they relate to the filing of an appeal.

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 2nd day of May, 2022.

                                        _____
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE

3